UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANK AKINS, | No. 1:16-CV-03066-JTR |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 15, 19. Attorney D. James Tree represents Frank Akins (Plaintiff); Special Assistant United States Attorney Franco L. Becia represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income (SSI) on May 14, 2012. Tr. 264. He alleged disability since April 26, 2012, Tr. 248-253, due to the limited use of his right arm, a cut neck muscle, shoulder damage, a

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

broken back, three broken ribs, and a whole in his lung, Tr. 269. The application was denied initially and upon reconsideration. Tr. 94-97, 101-107. Administrative Law Judge (ALJ) Kimberly Boyce held a hearing on February 27, 2014; Plaintiff failed to appear and vocational expert, Trevor Duncan, testified. Tr. 35-53. The ALJ held a second hearing on July 30, 2014; Plaintiff attended, but no testimony was taken as there was a technical problem with viewing the record. Tr. 54-63. The ALJ held a third hearing on October 15, 2014; Plaintiff failed to appear and no testimony was taken. Tr. 64-76. The ALJ issued an unfavorable decision on October 30, 2014. Tr. 18-29. The Appeals Council denied review on March 25, 2016. Tr. 1-5. The ALJ's October 30, 2014 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on April 20, 2016. ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 46 years old at the date of application. Tr. 248. The last grade Plaintiff completed was the sixth in 1978. Tr. 270. He stated he last worked in June 2007 and left because he was laid off. Tr. 269. His work history includes the position of fruit picker, laborer, and load molding. Tr. 270.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is

not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. § 416.920(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On October 30, 2014, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 14, 2012, the date of application. Tr. 20.

At step two, the ALJ determined Plaintiff had the following severe impairments: stable L1 compression fracture and degenerative disc disease. Tr. 20.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 23.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined he could perform a range of light work with the following limitations:

> he can stand and walk for about 6 hours and sit for more than 6 hours, with normal breaks. The claimant can lift, carry, push, and pull within light exertional limitations. Considering the effect of medications, the claimant can never climb ladders, ropes, or scaffolds. The claimant can frequently climb ramps and stairs and occasionally stoop, kneel, crouch, and crawl. The claimant can performed [*sic*.] work in which concentrated exposure to vibration and/or hazards is not present.

Tr. 23. The ALJ identified Plaintiff's past relevant work as "harvest worker, fruit," machine off-bearer, and material handler. Tr. 27. She concluded that Plaintiff was not able to perform his past relevant work. *Id*.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of production assembler, cashier II, and housekeeper. Tr. 28. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time

from the date of application, May 14, 2012, through the date of the ALJ's decision, October 30, 2014. Tr. 29.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to find Plaintiff's mental health impairments severe impairment at step two; (2) failing to properly consider medical opinion evidence, and (3) failing to properly consider Plaintiff's symptom reports.

## DISCUSSION

**A.  Step Two**

Plaintiff assets that the ALJ erred by failing to find his mental health impairments severe at step two. ECF No. 15 at 16-17.

Step-two of the sequential evaluation process requires the ALJ to determine whether or not the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work.'" *Id*. at 1290; *See* 20 C.F.R. 416.922(a). The step-two analysis is "a *de minimis* screening device to dispose of groundless claims." *Smolen*, 80 F.3d at 1290.

The ALJ found that Plaintiff lacked any severe mental health impairments. Tr. 20-23. The ALJ acknowledged that Plaintiff alleged depression, but found that it was not severe because (1) he had never taken any psychiatric medications, except for antidepressants in August of 2012 and April of 2013 and (2) he did not seek mental health treatment until May of 2014 and then failed to continue treatment. Tr. 21.

Plaintiff challenges the ALJ's first reason, that he had never taken any

psychiatric medications, by arguing that he was actually prescribed numerous antidepressants. ECF No. 15 at 9. The record shows that on August 2, 2012, Plaintiff began taking sertraline for depression. Tr. 412. This prescription continued to appear on Plaintiff's active medication list into September 2012. Tr. 406. On January 30, 2014, Plaintiff had an active prescription for trazodone. Tr. 614, On February 6, 2014, Nurse Schwarzkopf stated "we have stopped trazedone [*sic.*] for poor response and started mirtazapine." Tr. 607, 610, 665, 668. The mirtazapine was included on his active prescription list in October of 2014. Tr. 662. As such, the ALJ's determination was not supported by substantial evidence.

Furthermore, one of the ALJ's citations to the record in which she acknowledged that Plaintiff took some psychiatric medication was inaccurate. The April 26, 2013 prescription list cited by the ALJ, Tr. 21, does not include a prescription for any antidepressant. *See* Tr. 541. Nurse Schwarzkopf mentioned starting a trial of Neurontin when discussing Plaintiff's depressive disorder. Tr. 538. However, Neurontin is the brand name for gabapentin, which is prescribed for Plaintiff's fractured lumbar spine. *Id*. She did not prescribe anything for Plaintiff's mental health. Instead she stated he must first be seen by the behavioral health clinic. *Id*. Therefore, the ALJ's conclusion that Plaintiff had never taken psychiatric medications besides those prescribed in August 2012 and April 2013 is not supported by substantial evidence.

Plaintiff failed to challenge the ALJ's reliance on his lack of treatment as evidence that his mental health impairments were not severe. ECF No. 15 at 16-17. As such, this Court will not consider this issue. *See Carmickle v. Comm'r., Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (The Court will not consider a finding not specifically addressed in claimant's briefing.).

Likewise, the ALJ acknowledged that Plaintiff was diagnosed with anxiety disorder, not otherwise specified by Russell Anderson, LICSW, but found that it was not a severe impairment because (1) Mr. Anderson was not an acceptable

medical source, (2) no acceptable medical source had diagnosed Plaintiff with anxiety, and (3) the treatment records document only sporadic issues with anxiety. Tr. 21. Again, Plaintiff failed to challenge these reasons in his briefing. ECF No. 15 at 16-17. As such, the Court will consider the ALJ's determination regarding Plaintiff's diagnosis of anxiety disorder. *See Carmickle*, 533 F.3d at 1161 n.2.

In support of his step two determination, the ALJ addressed the medical source opinions from Dr. Burdge, Dr. Colby, Mr. Anderson, and Ms. Blaine. As discussed at length below, the ALJ provided legally sufficient reasons for not giving these opinions controlling weight.

While a portion of the ALJ's step two determination was not supported by substantial evidence, *see supra*, any resulting error would be harmless. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (An error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination."). The fact that the ALJ's remaining reasons went unchallenged and she did not error in rejecting the opinions that did find severe mental health impairments, the ALJ's reliance on Plaintiff's lack of prescription medication is inconsequential to the ultimate nondisability determination. In conclusion, Plaintiff has not demonstrated harmful error at step two.

**B.     Medical Opinions**

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinion expressed by Aaron Burdge, Ph.D., Faulder Colby, Ph.D., Hoan P. Tran, M.D., Robert Bernandez-Fu, M.D., Nancy Schwarzkopf, ARNP, Russell Anderson, LCSW, and Deborah Blaine, M.S. ECF No. 15 at 6-16.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant.

*Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007); 20 C.F.R. 416.927(c)(2). Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Orn*, 495 F.3d at 631 (9th Cir. 2007); 20 C.F.R. 416.927(c)(1).

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). When a treating physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). Likewise, when an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons." *Lester*, 81 F.3d at 830-831.

The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988).

### 1. Aaron Burdge, Ph.D.

On April 25, 2013, Dr. Burdge completed a Psychological/Psychiatric Evaluation for the Washington Department of Social and Health Services (DSHS). Tr. 562-566. Dr. Burdge diagnosed Plaintiff with a mood disorder due to chronic back pain associated with a broken back and pain disorder associated with both

psychological factors and a broken back. Tr. 564. Dr. Burdge then gave Plaintiff a severe rating in two functional abilities, a marked rating in two functional abilities, and a moderate rating in six functional abilities. Tr. 564-565. He recommended Plaintiff seek cognitive-behavioral therapy, pain management training, psychical examination, psychiatric care, psychiatric evaluation, and psychotropic medications. Tr. 565.

The ALJ gave Dr. Burdge's opinion "little weight" because (1) he was a the "only person" to have diagnosed Plaintiff with a pain disorder, (2) Plaintiff had undergone very little treatment for mental health symptoms, (3) Plaintiff's allegations of depression were not fully credible, and (4) Plaintiff was not honest with him about his substance use history. Tr. 21-22.

The ALJ's first reason for giving Dr. Burdge's opinion less weight, that he was the "only person" to diagnose Plaintiff with a pain disorder, is not supported by substantial evidence. Inconsistency with the majority of objective evidence is a specific and legitimate reason for rejecting physician's opinions. *Batson*, 359 F.3d at 1195. However, the record reveals that Dr. Colby reviewed Dr. Burdge's opinion and found that he agreed with the diagnosis. Tr. 525. Additionally Mr. Anderson and Ms. Blaine diagnosed Plaintiff with a pain disorder at his initial evaluation. Tr. 658. As such, the ALJ's finding, that Dr. Burdge was the "only person" to diagnose Plaintiff with a pain disorder, is not supported by substantial evidence. Therefore, it fails to meet the specific and legitimate standard.

While the ALJ's finding that Dr. Burdge was the "only person" to diagnosis Plaintiff with a pain disorder, was not supported by substantial evidence, any resulting error would be harmless. First, Dr. Colby never examined Plaintiff and the regulations require that an impairment be established by objective medical evidence from an acceptable medical source, not a diagnosis alone. 20 C.F.R. § 416.921. Second, Mr. Anderson and Ms. Blaine are not acceptable medical sources. *Id*. While Dr. Burdge was not the "only person" to diagnose Plaintiff

with a pain disorder, he was the only examining acceptable medical source who diagnosed Plaintiff with a pain disorder. Furthermore, the ALJ provided other legally sufficient reasons to reject Dr. Burdge's opinion. *See Tommasetti*, 533 F.3d at 1038 (An error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination.")

Plaintiff alleges that the ALJ used Dr. Burdge's status as an examining physician as a reason to disregard his opinion. ECF No. 15 at 8. However, the ALJ cited Dr. Burdge as "as one-time examiner" to emphasize the fact that none of Plaintiff's treating physicians had diagnosed him with a pain disorder. *Id*. While this alone is not a reason to reject an opinion, the regulations recognize a physician's treating relationship as a factor to consider when assigning weight to an opinion. 20 C.F.R. § 416.927(c)(2).

The ALJ's second reason for giving less weight to Dr. Burdge's opinion, that Plaintiff had undergone little treatment for mental health impairments, is not legally sufficient. Plaintiff argues that the ALJ's finding of limited mental health treatment, was not supported by the record. ECF No. 15 at 9. However, at the time of Dr. Budge's evaluation, Plaintiff had not sought treatment for his mental health conditions besides a prescription for sertraline in 2012. Tr. 412, 562. As such, this reason is supported by substantial evidence; however, the Ninth Circuit has held that it is "questionable practice to chastise one with a mental impairment for the exercise of poor judgement in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). As such, this reason fails to meet the specific and legitimate standard.

The ALJ's third reason for giving less weight to Dr. Burdge's opinion, that Plaintiff's allegations of depression were not fully credible, is legally sufficient. A doctor's opinion may be discounted if it relies on a claimant's unreliable self-report. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Tommasetti*, 533 F.3d at 1041. But the ALJ must provide the basis for her conclusion that the

opinion was based on a claimant's self-reports. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).

The ALJ recognized that Dr. Burdge relied upon Plaintiff's severe depression score on the Hamilton Rating Scale. Tr. 21. However, the ALJ noted that the score was inconsistent with a Patient Health Questionnaire showing only mild depression in an evaluation just a month prior. *Id*. Plaintiff argues that the difference in scoring is the result of Plaintiff's condition waxing and waning over time. ECF No. 15 at 9-10. However, considering the ALJ found Plaintiff less than fully credibility concerning his symptom statements, as discussed below, the inconsistencies in the record can account for more than simple waxing and waning of conditions. Second, the ALJ relied on Plaintiff's invalid PAI score to suggest that he was exaggerating his symptoms during the interview. Tr.22. As Plaintiff correctly sets forth in his briefing, the PAI score was invalid due to a failure to answer questions, not exaggeration. ECF No. 15 at 9; Tr. 529-534. The ALJ's first citation supports her determination, but her second does not. If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. Therefore, this Court may not substitute its judgement for that of the ALJ. Considering the ALJ's credibility determination was free of harmful legal error, the Court will not disturb the ALJ's finding.

The ALJ's fourth reason for giving less weight to Dr. Burdge's opinion, that Plaintiff was not honest with him about his substance use history, is supported by substantial evidence. In the evaluation, Plaintiff reported to Dr. Burdge that he used meth approximately twenty years ago. Tr. 562. However, the remainder of the records show that Plaintiff was using heroin and drinking. *See* Tr. 361, 417 (Plaintiff was intoxicated at the time of his initial back injury on April 26, 2012); Tr. 436 (Plaintiff reported a daily use of alcohol and history of IV heroin use on April 26, 2012). Further evidence in the record shows that Plaintiff's heroin use

did not end with his injury. *See* Tr. 673 (Plaintiff was admitted to the hospital for an abscess resulting from IV heroin use on December 6, 2015.).[1] Plaintiff failed to report his recent alcohol and heroin use to Dr. Burdge. As such, Dr. Burdge's evaluation was conducted on the basis of incomplete information. This reason is supported by substantial evidence and meets the specific and legitimate standard.

While not all the ALJ's reasons for rejecting Dr. Burdge's opinion met the specific and legitimate standard, two did. As such, any error resulting from these insufficient reasons would be harmless. *See Tommasetti*, 533 F.3d at 1038 (An error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination.").

### 2. Faulder Colby, Ph.D.

On May 21, 2013, Dr. Colby reviewed Plaintiff's medical records and completed a Review of Medical Evidence form for DSHS approving Plaintiff for benefits. Tr. 525. The ALJ gave "little weight" to Dr. Colby's decision because Dr. Colby relied heavily on Dr. Burdge's evaluation and the prior treatment Dr. Colby reviewed showed only mild depression and no prescription for psychiatric medication. Tr. 22.

The ALJ's first reason for giving Dr. Colby's decision little weight, that it was based on Dr. Burdge's opinion, is legally sufficient. Here, Dr. Colby's decision is based on the opinion of Dr. Burdge, Tr. 525, which the ALJ provided less weight and supported her rationale with legally sufficient reasons. *See supra*. Additionally, the regulations provide that determinations from other governmental

---

[1]This evidence was not available to the ALJ at the time of her decision. Tr. 2. However, evidence submitted to the Appeals Council and associated with the record must be considered by the district court when determining if the ALJ's decision was supported by substantial evidence. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).

agencies, including state agencies, are not binding on the ALJ. 20 C.F.R. § 416.904.

The ALJ's second reason for giving Dr. Colby's decision little weight, that Plaintiff showed only mild depression and had no prescription for psychiatric medication, is not supported by the record. As discussed at length above, Plaintiff was treated for his depression with sertraline in 2012. Tr. 412. Therefore, the ALJ's conclusion that Plaintiff had never been treated with psychiatric medication prior to Dr. Colby's opinion is not supported by substantial evidence. However, any error resulting from this inadequate reason is harmless as the ALJ's first reason for rejecting Dr. Colby's opinion is legally sufficient. *See Tommasetti*, 533 F.3d at 1038 (An error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination.").

### 3. Hoan P. Tran, M.D. and Robert Bernandez-Fu, M.D.

The ALJ gave controlling weight to the opinions of treating neurosurgeon, Dr. Tran, and State Agency reviewer, Dr. Bernandez-Fu. Tr. 27. The ALJ stated that he considered Dr. Tran's specialty and that the opinion's consistency with the record when assigning weight. *Id*. Both of these are pertinent factors an ALJ is to consider when assigning weight. 20 C.F.R. § 416.927(c).

Likewise, the ALJ concluded that Dr. Bernandez-Fu's opinion was consistent with the medical record. Tr. 27. Considering the ALJ did not error in giving weight to Dr. Tran's opinion and rejecting the other opinions in the record, the ALJ's reliance on Dr. Bernandez-Fu's opinion is supported by the record. Additionally, the regulations provide that when an ALJ gives controlling weight to a treating provider's opinion, she is not required to explain the weight she gave to the prior administrative medical findings in the claim. 20 C.F.R. § 416.927(e).

As discussed throughout this order, the ALJ did not commit harmful error in her determination discounting the other opinions provided in the record. As such, the ALJ did not error in her reliance on Dr. Tran's and Dr. Bernandez-Fu's

opinions.

### 4. Nancy Schwarzkopf, ARNP

On April 26, 2013, Nurse Schwarzkopf completed a medical report form opining that Plaintiff would need to lie down for twenty minutes every four hours, that Plaintiff had a poor tolerance for prolonged sitting and standing, and that Plaintiff's pain would increase with lifting, bending, and standing. Tr. 567-568. Additionally, she opined that if Plaintiff were employed on a forty hour week schedule she would estimate he would miss an average of four or more days per month. Tr. 568. She concluded that these limitations had been present since April of 2012. *Id*.

The ALJ gave Ms. Schwarzkopf's opinion "little weight" because (1) she was not an acceptable medical source, (2) the opinion was inconsistent with the opinions of Dr. Tran and her own February 2014 opinion, (3) her opinion was inconsistent with Plaintiff's physical examinations, (4) her opinion relied on Plaintiff's unreliable subjective reports, and (5) Plaintiff's depression was non-severe.

As the ALJ pointed out, Ms. Schwarzkopf is not an acceptable medical source. Acceptable medical sources are licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. 20 C.F.R. § 416.902. Ms. Schwarzkopf is a nurse practitioner, which, for claims filed with the agency prior to March 27, 2017, is not considered an acceptable medical source. 20 C.F.R. § 416.902.

While Ms. Schwarzkopf's status as a nurse practitioner is relevant when determining the weight provided to the opinion, her opinion cannot be rejected on that basis alone. *See* 20 C.F.R. 416.927(c) ("Regardless of its source, we will evaluate every medical opinion we receive."). An ALJ is required to consider evidence from non-acceptable medical sources and non-medical sources. 20 C.F.R. § 416.927(f). An ALJ must give "germane" reasons to discount evidence

from non-acceptable medical sources and non-medical sources. *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014).

Rejecting Ms. Schwarzkopf's opinion because it relied on Plaintiff's unreliable self-reports is not legally sufficient where the ALJ failed to explain how she reached this conclusion. *See Ghanim*, 763 F.3d at 1162. However, the ALJ also rejected the opinion because it was inconsistent with other opinions in the record, it was inconsistent with physical examinations, and Plaintiff's mental health impairments were not severe. These reasons are germane and legally sufficient.

**5.  Russell Anderson, LCSW and Deborah Blaine, M.S.**

On May 8, 2014, Mr. Anderson and Ms. Blaine completed an initial assessment and diagnosed Plaintiff with major depressive disorder, anxiety disorder, and pain disorder associated with both psychological factors and a general medical condition. Tr. 655-659. They assigned Plaintiff a current GAF score of 41 with a highest GAF score for the past year of 45. Tr. 658.

The ALJ gave "little weight" to the GAF score of 41, stating that (1) no acceptable medical source had diagnosed Plaintiff with an anxiety disorder and treatment records revealed only sporadic anxiety symptoms, (2) claimant had not taken psychotropic medications, and (3) Plaintiff did not seek mental counseling until more than two years after the alleged onset date. Tr. 22.

Mr. Anderson and Ms. Blaine are not acceptable medical sources and the ALJ need only supply "germane" reasons to discount the evidence they provide. *See supra*. Plaintiff challenges the ALJ's first reason by providing a citation to the State of Washington licensing database as evidence that Mr. Anderson was allowed to make such a diagnosis. ECF No. 15 at 15-16. However, Social Security regulations provide that an impairment "must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. 416.921. As such, Mr. Anderson's diagnosis of an anxiety disorder fails to meet the agency's

criteria to establish the existence of an impairment. Therefore, the ALJ's reason is legally sufficient to discount the evidence from Mr. Anderson and Ms. Blaine.

The second reason the ALJ provided for discounting the GAF score opined by these providers, that Plaintiff had not taken psychotropic medications, is not supported by substantial evidence. *See supra*. Likewise, the third reason, that Plaintiff did not seek mental health treatment until two years after onset, is frowned upon by the Ninth Circuit and arguably fails to meet the necessary legal sufficiency. *See supra*. However, any error resulting from the ALJ's reliance on these two reasons is harmless as she provided the first legally sufficient reason to discount these opinions. *See Tommasetti*, 533 F.3d at 1038 (An error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination.").

## C. Plaintiff's Symptom Statements

Plaintiff contests the ALJ's determination that his symptoms statements were less than fully credible. ECF No. 15 at 17-20.

It is generally the province of the ALJ to make credibility determinations, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's symptom statements less than fully credible concerning the intensity, persistence, and limiting effects. Tr. 24. The ALJ reasoned that Plaintiff's symptom statements were less than fully credible because (1) his allegations were unsupported by the medical evidence, (2) he had significant gaps in treatment, (3) he exhibited drug seeking behavior, (4) he had a

poor work history, and (5) he was dishonest about his substance use history.  Tr. 24-25.

### 1. Medical Evidence

The ALJ's first reason for finding Plaintiff less than fully credible, that Plaintiff's reported symptoms were not supported by medical evidence, meets the specific, clear, and convincing standard.  Although it cannot serve as the sole reason for rejecting a claimant's credibility, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects."  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Here, the ALJ found that Plaintiff's alleged lifting, standing, and walking restrictions were not corroborated by imaging, Tr. 24, that physical examinations did not corroborate his allegations of disabling limitations, Tr. 24-25, and his complaints of disabling pain were inconsistent with his neurosurgeon's opinion, Tr. 25.  The ALJ set forth repeated citations to the record showing the limited changes in Plaintiff's imagining and neurological findings.  Tr. 24-25.  Additionally, the ALJ relied upon Dr. Tran's determination that Plaintiff had a good prognosis of healing without requiring surgery.  Tr. 25.  Considering the ALJ gave great weight to Dr. Tran's opinion, *see supra*, the Court will not disturb the ALJ's determination.

### 2. Gaps in Treatment

The ALJ's second reason for rejecting Plaintiff's symptom statements, that there were significant gaps in treatment, is legally sufficient.  The Ninth Circuit has held that an "unexplained, or inadequately explained, failure to seek treatment" may be the basis for an adverse credibility finding unless one of a "number of good reasons for not doing so" applies.  *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989).

Despite Plaintiff's complaints of physical disability, he was not treated between June 2013 and January 2014, except for a required chemical dependency

ORDER GRANTING DEFENDANT'S MOTION . . . - 17

assessment to keep his Washington State assistance. Tr. 602-605. He then was not treated from February of 2014 till December of 2015. Tr. 673. Plaintiff argued that his homelessness and hopelessness are "good reasons" for not seeking treatment. ECF No. 15 at 17-18. The ALJ considered Plaintiff's homelessness; however, the ALJ noted that he was able to seek treatment at a walk-in clinic in anticipation of his upcoming hearing. Tr. 25. As such the ALJ stated he would expect one to "make a greater effort" if his conditions were as debilitating as alleged. This Court finds the ALJ's reason is supported by substantial evidence and legally sufficient.

### 3. Drug Seeking Behavior

The ALJ's third reason for finding Plaintiff less than fully credible, that there was evidence of drug seeking behavior, is not supported by substantial evidence. While evidence of drug seeking behavior is a specific, clear and convincing reason to find a claimant's self-reports unreliable, *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001), the ALJ's finding is not supported by substantial evidence.

Here, the ALJ found that Plaintiff's provider at Neighborhood Health stated he was "a high risk for opiate management." Tr. 25. However, a review of the evidence shows that the provider actually mentioned Plaintiff's history of IV drug use and stated that he "[d]iscussed case with Dr. Dove who agrees he is not low-risk for opiate pain management." Tr. 417. "Not low-risk" is not equivalent to "high risk." Additionally, the ALJ relied on Dr. Tran's referral to a pain clinic and refusal to refill his medication in May of 2012 as evidence of drug seeking behavior. Tr. 25 *citing* Tr. 403. However, in a later evaluation, Dr. Tran stated "I am not prepared to manage his long-term pain issues," yet he refilled his prescription a second time. Tr. 405. Dr. Tran never actually found Plaintiff was drug seeking and continued to prescribe pain medication after his initial refusal. As such, this reason is not supported by substantial evidence.

Considering the ALJ provided other legally sufficient reasons for finding Plaintiff less than fully credible, this error is harmless. *See Carmickle*, 533 F.3d at 1163 (upholding an adverse credibility finding where the ALJ provided four reasons to discredit the claimant, two of which were invalid); *Batson*, 359 F.3d at 1197 (affirming a credibility finding where one of several reasons was unsupported by the record); *Tommasetti*, 533 F.3d at 1038 (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination").

### 4. Work History

The ALJ's forth reason for finding Plaintiff less than fully credible, that his limited work history suggests his primary barrier to employment was a lack of motivation, is legally sufficient. A poor work history that shows "little propensity to work" in a claimant's lifetime meets the specific, clear and convincing standard. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). Plaintiff's earnings report shows that he earned an income in only 17 of the last 34 years. Tr. 256-257. As such, Plaintiff's finding is supported by substantial evidence and meets the required legal standard.

### 5. Substance Use History

The ALJ's fifth reason for finding Plaintiff less than fully credible, that he was dishonest regarding his substance use history, is legally sufficient. A claimant's inconsistent reporting of substance use history is a specific, clear and convincing reason to reject a Plaintiff's self-reports. *Thomas*, 278 F.3d at 959; *See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (conflicting or inconsistent testimony concerning alcohol or drug use can contribute to an adverse credibility finding).

Here, Plaintiff reported to Dr. Burdge that he used meth approximately twenty years ago and there was no substance abuse treatment history. Tr. 562. However, the records show that Plaintiff was intoxicated and reported a daily use

of alcohol and history of IV heroin use at the time of his initial back injury on April 26, 2012. See Tr. 361, 417, 436. Records submitted after the hearing show that Plaintiff's heroin use did not end at the time of his injury. *See* Tr. 673 (Plaintiff was admitted to the hospital for an abscess resulting from IV heroin use on December 6, 2015). As such, the ALJ's fifth reason is supported by substantial evidence and meets the specific, clear and convincing standard.

In conclusion, the ALJ provided specific, clear and convincing reasons to find that Plaintiff was less than fully credible in his symptom complaints.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Defendant** and the file shall be **CLOSED**.

DATED August 23, 2017.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE